**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| LISA JOBE, as guardian and on behalf of K.J., a minor; AMY GAGE, as guardian and on behalf of B.G., a minor; CRYSTAL CUYLER, as guardian and on behalf of D.M., a minor; CHANDA HUGHES, as guardian and on behalf of J.B., a minor; BRENDA SHEFFIELD, as guardian and on behalf of J.D., a minor; VIOLENE JEAN-PIERRE, as guardian and on behalf of F.J.P., a minor; and MICHELLE MINOR, as guardian and on behalf of J.P., a minor, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> GRADY JUDD, Polk County Sheriff, in his official capacity; KIM MARCUM, Captain, in her official capacity; and MICHAEL ALLEN, Major, in his official capacity, <br><br> Defendants. | Case No. 8:12-cv-00568-SDM-MAP |

**MOTION FOR CERTIFICATION OF SUBCLASS
AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs, by and through undersigned counsel, respectfully move the Court to certify a subclass as defined in the proposed Supplemental Complaint Plaintiffs have requested leave to file in this case. (See DE 34.) Should the Court grant the requested leave, Plaintiffs further request that the Court grant a consolidated hearing on this motion along with the presently pending Amended Motion for Class Certification (DE 5)

following the expedited discovery Plaintiffs have requested as there is significant overlap in the issues presented and evidence supporting Plaintiffs' request for class certification is exclusively in Defendants' possession.

## SUMMARY OF FACTS

Plaintiff-minors detained at the Polk County Jail filed this action on March 15, 2012, challenging unconstitutional conditions of confinement for children detained at the Polk County Jail. (DE 1.) On March 21, 2012, Plaintiff-minors filed a Verified Amended Complaint and Amended Motion for Class Certification. (DE 3, 5.)

In the Verified Amended Complaint, Plaintiffs seek declaratory and injunctive relief on behalf of all children detained at the Polk County Jail for Defendants' systemic failure to protect them from harm (including the excessive and punitive use of pepper spray) and Defendants' punitive and unlawful use of suicide watch and isolation. Plaintiffs also seek declaratory and injunctive relief on behalf of detained children specifically charged as juveniles (as opposed to children charged as adults) for Defendants' systemic failure to provide rehabilitative services. Plaintiffs seek prospective relief on behalf of themselves and all others similarly situated. They have moved to certify a class of all children detained at the Polk County Jail (roughly 70 children at any one time) and a subclass of those children detained at the jail specifically charged as juveniles (roughly 30-40 children at any one time).

With this motion, Plaintiffs seek also to certify a subclass of all children who suffer from mental illness and are detained at the Polk County Jail for the reasons alleged

in the proposed Supplemental Complaint.  (See DE 34.)  Specifically, the proposed subclass is defined as:

> All individuals who are under the age of 18, and all individuals who are under the jurisdiction of the juvenile court regardless of age, who suffer from mental illness and who are or who will in the future by incarcerated at the Polk County Jail.

(Proposed Supp. Compl. ¶ 8.)

## LEGAL ARGUMENT

### I.     Plaintiffs have standing.

In order for a subclass to be certified, the named plaintiffs must have standing, and the proposed subclass must meet the four requirements under Federal Rule of Civil Procedure 23(a) and at least one sub-section of Rule 23(b).  At least one member of the proposed subclass must have standing in order to raise the claim.  See Susan J. v. Riley, 254 F.R.D. 439, 451 (M.D. Ala. 2008) (citing Prado-Steiman v. Bush, 221 F.3d 1266, 1279-80 (11th Cir.2000)).  As shown below, Plaintiffs have met this standard.

Proposed Plaintiffs K.G. and A.H. have standing to challenge the conditions of confinement for children at the Polk County Jail on behalf of themselves and all others similarly situated.[1]  Both children are currently incarcerated in the Polk County Jail. Both suffer from mental illness and have been injured by Defendants' constitutionally deficient treatment of mental illnesses.  (See DE 34, Proposed Supp. Compl.)

### II.    Plaintiffs meet the requirements of Rule 23.

The proposed named Plaintiffs further meet the requirements of Federal Rule of Civil Procedure 23.

---

[1] Plaintiffs have sought leave to add these children as Plaintiffs to the action.  (DE 34.)

The initial class certification determination should be based upon whether or not the plaintiff has met the requirements of Federal Rule of Civil Procedure 23 and not on the merits of the case. Miles v. Am. Online, Inc., 202 F.R.D. 297, 301 (M.D. Fla. 2001). The required elements to certify a class (or subclass) under Federal Rule of Civil Procedure 23(a) are:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

According to Federal Rule of Civil Procedure 23(c)(5), a class may be further divided into a subclass if appropriate. In order for a subclass to be certified, the court must determine that "at least one member of each subclass among the injured with respect to the claims made by members of that subclass." Susan J., 254 F.R.D. at 451. Proposed Plaintiffs K.G., A.H. and those they seek to represent meet all the requirements for subclass certification.

**A. Numerosity and impracticality of joinder.**

Federal Rule of Civil Procedure 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Here, the subclass is so numerous that joinder of all members is impractical. Upon information and belief, Polk County Jail at any one time houses approximately 35 children who suffer from mental illness. (DE 34, Proposed Supp. Compl. ¶¶ 9-10.) Children with mental illness are incarcerated at the

Polk County Jail for varying lengths of time, ranging from days to months, and the population changes on a daily basis. The subclass also includes future members whose names are not known, as the facility regularly admits new children who are members of the class and subclass.

Joinder of the children who comprise the proposed subclass would be impracticable. Under Florida law, children may be incarcerated at the Polk County Jail for varying lengths of time, ranging from days to months. The constant fluctuation in the population of children at the Polk County Jail alone makes joinder impracticable. Joinder is further impracticable by the fact that both the proposed class and subclass include future members whose names are not yet known. See, e.g., Kilgo v. Bowman Transp. Inc., 789 F.2d 859, 878 (11th Cir. 1986) (finding joinder impracticable where the class included future and deterred job applicants who could not be identified).

Moreover, the named plaintiffs in this action seek declaratory and injunctive relief to remedy unconstitutional policies and practices regarding treatment of children with mental illness that place children at substantial risk of serious harm. If the proposed subclass is not certified, it will be impossible for members of the subclass to individually challenge Defendants' unconstitutional treatment of detained children given the limited duration of their detention at any particular time. Without certification there will never be sufficient time for any of these children to vindicate their fundamental constitutional rights.

**B. Commonality.**

Federal Rule of Civil Procedure 23(a)(2) requires that "there are questions of law or fact common to the class." There are questions of law and fact common to all subclass members, including but not limited to whether the policies and practices in place regarding the treatment of children with mental illness are constitutionally deficient.

The commonality requirement is generally easily satisfied because it only requires a single issue common to the class. Mauldin v. WalMart Stores, 2002 U.S. Dist. LEXIS 21024 at *26 (N.D. Ga. Aug. 23, 2002) (quoting Jenkins v. Raymark Indus., Inc., 782 F.2d 468, 472 (5th Cir. 1986) (allowing class certification of all female employees based upon the common question of whether Defendants' policy of excluding prescription contraceptives violated Title VII)). Moreover, under Rule 23(a)(2) class members need not allege that they suffered precisely the same injury as other class members. Hassine v. Jeffes, 846 F.2d 169, 176-77 (3d Cir. 1988) (reversing district court denial of class certification to prisoners alleging constitutional violations of detention conditions). Rather, it is sufficient for the named plaintiffs to allege harm that is common to the entire class. Id. at 177.

In this case, Defendants' unconstitutional practices and policies present numerous common questions of fact and law to this proposed subclass. The common issues to the subclass include whether the policies and practices in place regarding the treatment of children with mental illness are constitutionally deficient and whether children who suffer from mental illness are subjected to otherwise unconstitutional conditions of confinement that cause further harm or risk of harm. The named plaintiffs and the absent

subclass members are equally affected by Defendants' unconstitutional policies, customs and practices. Any relief ordered by this Court would impact and benefit them in the same way.

### C. Typicality.

Federal Rule of Civil Procedure 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." In this case, the factual and legal questions common to the subclass will require the same legal analysis, and the same evidence of Defendants' unconstitutional actions and omissions.

The typicality prong requires a "nexus between the class representative's claims or defenses and the common questions of fact or law which unite the class." Kornberg v. Carnival Cruise Lines, Inc., 741 F.2d 1332, 1337 (11th Cir. 1984) (finding passengers on a cruise ship who brought a class action seeking damages for failure of the sanitary system on the cruise ship during a one-week cruise met the typicality requirement).

Here, the claims of the named plaintiffs are typical of those of the subclass. The proposed named plaintiffs' claims illustrate systematic constitutional violations in the treatment of children with mental illness. Those violations present the same substantial risk of serious harm to all members of the proposed subclass.

Although there are likely to be individual factual differences between the harms suffered by the proposed class, their claims arise from the same practices and conduct by the same Defendants. Appleyard v. Wallace, 754 F.2d 955, 958 (11th Cir. 1985) (finding the similarity of the legal theories can be strong enough to override the factual differences of the claims). All members of the subclass are at risk of the same respective

unconstitutional policies and practices, and all would benefit from class-wide declaratory and injunctive relief.

Because the policies, practices and customs challenged in this complaint apply with equal force to named Plaintiffs K.G. and A.H. and the other members of the subclass, the claims of named plaintiffs are typical of the subclass in general.

### D. Adequacy of representation.

Federal Rule of Civil Procedure 23(a)(4) provides that "the representative parties will fairly and adequately protect the interests of the class." To fulfill the adequacy of representation requirement, Plaintiffs must show that: (1) counsel for the representative parties is "qualified, experienced, and generally able to conduct the proposed litigation," and (2) the plaintiff does not "have interests antagonistic to those of the rest of the class." Griffin, 755 F.2d 1516, 1533. Both of these requirements are met here.

Plaintiffs' attorneys are well-qualified and have adequate resources to conduct the litigation and represent the class. Plaintiffs' counsel have extensive experience in federal civil rights and class action claims, particularly on behalf of incarcerated persons.

The interests of the named plaintiffs are not antagonistic in any way to the interests of the putative class and subclass. To the contrary, all of the subclass representatives have been subjected to the same kinds of abuses endured by the subclass as a whole, including but not limited to inadequate treatment of their mental illness. Named Plaintiffs K.G. and A.H. will fairly and adequately represent the interests of the subclass. They possess strong personal interests in the subject matter of the lawsuit.

Plaintiffs only seek to put an end to the Defendants' unconstitutional conduct, which will benefit all subclass members.

### III. Class Certification is Appropriate Pursuant to Federal Rule of Civil Procedure 23(b)(2).

Finally, for the subclass to be certified in this case, Plaintiffs must also show that the proposed subclass meets at least one subsection of Federal Rule of Civil Procedure 23(b)(2). Plaintiffs K.G. and A.H. meet the requirements of Federal Rule of Civil Procedure 23(b)(2) which states that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."

In this case, Defendants have acted or refused to act on grounds generally applicable to the subclass: their policies, practices, acts and omissions affect all subclass members. Defendants' practices and policies apply to currently incarcerated children who suffer from mental illness and those that will be incarcerated at Polk County Jail in the future. Given that Plaintiffs seek class certification only for the declaratory and injunctive relief claims, and because Defendants have acted in an unconstitutional manner applicable to the entire subclass, Plaintiffs satisfy the requirement of Federal Rule 23(b)(2).

### IV. Subclass Certification is Necessary

Subclass certification in this case is not only appropriate, but also necessary, given the fluidity of the subclass membership over time. Only subclass certification will ensure that this action can be fully litigated without the danger that Defendants will claim the action moot once the representative Plaintiffs age out or are released from the Polk

County Jail. See Johnson v. City of Opelousas, 658 F.2d 1065, 1070 (5th Cir. 1981) (district court abused its discretion by denying class certification in constitutional challenge by juvenile whose individual claim became moot at age of majority; class certification is "especially appropriate" where claims may become moot); see also Lebron v. Wilkins, 277 F.R.D. 664 (M.D. Fla. 2011) (finding class certification necessary in light of "risk of mootness and certifying 23(b)(2) class in constitutional challenge to governmental policy).

## V.     Request for a Hearing.

Lastly, Plaintiffs respectfully request this Court grant a hearing in this matter, consolidated with the presently pending Amended Motion for Class Certification (DE 5) following the expedited discovery Plaintiffs have requested as there is significant overlap in the issues presented and evidence supporting Plaintiffs' request for class certification is exclusively in Defendants' possession.

## CONCLUSION

For all of the reasons set forth above, Plaintiffs respectfully request that their motion be granted.

Dated: April 23, 2012                    SOUTHERN POVERTY LAW CENTER

By: /s/ Miriam Haskell
Miriam Haskell

Tania Galloni
Fla. Bar. No. 619221
Miriam Haskell
Fla. Bar. No. 69033
SOUTHERN POVERTY LAW CENTER
P.O. Box 370037
Miami, FL  33137

Tel: (786) 347-2056
Fax: (786) 237-2949
tania.galloni@splcenter.org
miriam.haskell@splcenter.org

Donald J. Hayden
Fla. Bar. No. 097136
donald.hayden@bakermckenzie.com
Angela Vigil
Fla. Bar No. 038627
angela.vigil@bakermckenzie.com
Joseph J. Mamounas
Fla. Bar No. 041517
joseph.mamounas@bakermckenzie.com
BAKER & McKENZIE LLP
Sabadell Financial Center
1111 Brickell Avenue, Suite 1700
Miami, Florida 33131
Tel: (305) 789-8900
Fax: (305) 789-8953

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on April 23, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

                                      /s/ Miriam Haskell
                                      Miriam Haskell

## SERVICE LIST

Henry B. "Hank" Campbell
Jonathan B. Trohn
Robert J. Aranda
William Thompson McKinley
VALENTI CAMPBELL TROHN TOMAYO & ARANDA
1701 South Florida Avenue
Lakeland, FL 33803
Tel: (863) 686-0043
Fax: (863) 616-1445

Attorneys for Defendants