UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LISA JOBE, as guardian and on behalf of K.J., a minor; AMY GAGE, as guardian and on behalf of B.G., a minor; CRYSTAL CUYLER, as guardian and on behalf of D.M., a minor; CHANDA HUGHES, as guardian and on behalf of J.B., a minor; BRENDA SHEFFIELD, as guardian and on behalf of J.D., a minor; VIOLENE JEAN-PIERRE, as guardian and on behalf of F.J.P., a minor; and MICHELLE MINOR, as guardian and on behalf of J.P.; a minor; on behalf of themselves and all others similarly situated,

      Plaintiffs,

v.

GRADY JUDD, Polk County Sheriff, in his official capacity; KIM MARCUM, Captain, in her official capacity; and MICHAEL ALLEN, Major, in his official capacity,

      Defendants.
_____/

Case No. 8:12-cv-00568-SDM-MAP

## CASE MANAGEMENT REPORT

The parties have agreed on the following dates and discovery plan pursuant to Fed.R.Civ.P. 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(1) as amended effective December 1, 2000) [Court recommends 30 days after CMR meeting] | May 14, 2012 |
| Certificate of Interested Persons and Corporate Disclosure Statement [Each party who has not previously filed must file immediately] | April 20, 2012 |
| Motions to Add Parties or to Amend Pleadings [Court recommends 1 - 2 months after CMR meeting] | Three (3) months from Defendants' Answer |

**Preliminary Injunction Hearing Protocol:**

Subject to the Court's approval, in the event the Court determines a hearing regarding Plaintiffs' Motion for Preliminary Injunction is in order, the Parties have agreed to a proposed sequence of submission dates and disclosures. The Parties have agreed to a proposed hearing time to occur after July 15, but before July 30, 2012. Plaintiffs are to file and serve their brief in support, together with any supporting evidentiary materials, including affidavits of experts or witnesses twenty-eight (28) days prior to the hearing; Defendants are to file their brief in opposition, together with any supporting evidentiary materials, including affidavits of experts or witnesses, fourteen (14) days prior to the hearing; and, Plaintiffs are to file any rebuttal of Defendants' expert affidavit seven (7) days prior to the hearing.

Defendants have agreed to provide on or before April 30, 2012, a "Voluntary Preliminary Response" to Plaintiffs' expedited discovery request, including 1) items available, 2) objections, 3) items not subject to objection, but which will be produced in the normal course of discovery, and 4) copies of all documents Defendants have to date. Defendants have further agreed to permit inspection of the jail by Plaintiffs' counsel and experts the week of May 21, 2012.

| | |
|---|---|
| **Non-Expert Discovery Deadline**<br><br>Plaintiffs believe discovery should close earlier with regard to the preliminary injunction and class certification issues. Plaintiffs propose that discovery close 7 days before the hearing on each of these matters. | November 1, 2012 |
| **Disclosure of Expert Reports for Trial: Expert Report and available deposition dates to be provided prior to deadline.** | Plaintiffs:<br>November 15, 2012<br>Defendants:<br>December 15, 2012<br>Plaintiffs' Rebuttal:<br>January 8, 2013 |
| **Expert Discovery Deadline** | January 15, 2013 |
| **Dispositive Motions, *Daubert*, and *Markman* Motions** | January 30, 2013 |
| **Meeting *In Person* to Prepare Joint Final Pretrial Statement [10 days before Joint Final Pretrial Statement]** | March 8, 2013 |

| | |
|---|---|
| **Joint Final Pretrial Statement** (*Including* a Single Set of Jointly-Proposed Jury Instructions and Verdict Form (with diskette), Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form) | March 18, 2013 |
| **Final Pretrial Conference**<br>[Court will set a date that is approximately 3 weeks before trial] | To be set by Court |
| **All Other Motions, including Motions** *In Limine*, **Trial Briefs** | **Other Motions:**<br>March 25, 2013<br><br>**Trial Briefs:**<br>April 15, 2013 |
| **Trial Term Begins**<br><br>[Local Rule 3.05 (c)(2)(E) sets goal of trial within 2 years of filing complaint in all Track Two cases; trial term *must not* be less than 4 months after dispositive motions deadline (unless filing of such motions is waived); district judge trial terms typically begin on Monday preceding the 1st day on the month; trials before magistrate judges will be set on a date certain after consultation with the parties] | May 1, 2013 |
| **Estimated Length of Trial** [trial days] | 4-5 days |
| **Jury / Non-Jury** | Non-Jury |
| **Mediation Deadline:**<br><br>Mediator:<br>Address:<br>Telephone:<br><br>[Absent arbitration, mediation is *mandatory*; Court recommends either 2 - 3 months after CMR meeting, or just after discovery deadline] | No later than October 1, 2012 |
| **All Parties Consent to Proceed Before Magistrate Judge** | Yes ____<br>No √<br>Likely to Agree in Future ____ |

I.  **Meeting of Parties in Person**

Lead counsel must met by telephone absent an order permitting otherwise. Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held on <u>April 17, 2012 at 10:30 a.m.</u> and was attended by:

| <u>Name</u> | <u>Counsel for (if applicable)</u> |
|---|---|
| Donald J. Hayden and Tania Galloni | Plaintiffs |
| Hank Campbell, Robert Aranda, William McKinley, and Jennifer Vasquez | Defendants |

II.  **Pre-Discovery Initial Disclosures of Core Information**

**Fed.R.Civ.P. 26(a)(1)(A) - (D) Disclosures**

Fed.R.Civ.P. 26, as amended effective December 1, 2000, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.05, to the extend that Rule 3.05 opts out of the mandatory discovery requirements):

The parties ____ have exchanged __√__ agree to exchange (check one) information described in Fed.R.Civ.P. 26(a)(1)(A) - (D)

____ on    __√__ by (check one)    <u>May 14, 2012</u>.

Below is a description of information disclosed or scheduled for disclosure.

<u>As specified in Rule 26(a)(1)</u>

III.  **Electronic Discovery**

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section II above, and agree that (check one):

____ No party anticipates the disclosure or discovery of ESI in this case;

4

√ One or more of the parties anticipate the disclosure or discovery of ESI in this case. If disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed. The Parties have not yet reached agreement on ESI, but are in the process of attempting to do so and will supplement this report with any agreement or further information.

Defendants have not provided the extent of the ESI involved that would be responsive to the discovery requested. Plaintiffs anticipate that ESI discovery will involve not only email communications, documents, reports and logs kept on the servers of the Polk County Jail as well as videos of certain incidents involving the Defendants and juveniles being detained who fall within the relevant classes identified in the Verified Amended Complaint.

Plaintiffs do not anticipate having relevant ESI that would be produced. Defendants anticipate that they have relevant ESI responsive to the discovery requests that have been made or likely to be made by Plaintiffs that would be relevant to the allegations of the Verified Amended Complaint, the motion for class certification and the motion for preliminary injunction.

Plaintiffs made Public Records Requests several months ago including ESI and would expect that appropriate litigation holds have been put in place relating to the issues of the Public Records Requests, the discovery requests sought to be expedited and the allegations of the Verified Amended Complaint.

The parties intend to enter into an appropriate Confidentiality Agreement consistent with Local Rule 1.09 and Section IV F. The parties will supplement this report with any agreement reached.

The parties are not aware of any need to produce discovery in phases at this time. The discovery of ESI related to the expedited discovery requests should be prioritized.

__√__   One or more of the parties requests that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions. Although this will be a non-evidentiary hearing, if technical ESI issues are to be addressed, the parties are encouraged to have their information technology experts with them at the hearing.

If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Rule 16(a), Fed. R. Civ. P.

## IV.   Agreed Discovery Plan for Plaintiffs and Defendants

### A. Certificate of Interested Persons and Corporate Disclosure Statement

The parties who have not done so will file a Certificate of Interested Persons and Corporate Disclosure Statement no later than <u>April 20, 2012.</u>

### B. Discovery Not Filed

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03.

<u>No further Agreements</u>

### C. Limits on Discovery

Absent leave of Court, the parties may take no more than ten depositions per side (not per party). Fed.R.Civ.P. 30(a)(2)(A); Fed.R.Civ.P. 31(a)(2)(A); Local Rule 3.02(b). Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts. Fed.R.Civ.P. 33(a); Local Rule 3.03(a). Absent leave of Court or stipulation of the parties each deposition is limited to one day of seven hours. Fed.R.Civ.P. 30(d)(2). The parties may agree by stipulation on other limits on discovery. The Court will consider the parties' agreed dates, deadlines,

and other limits in entering the scheduling order. Fed.R.Civ.P. 29. In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

1. Depositions
   <u>No further agreements.</u>

2. Interrogatories
   <u>No further agreements.</u>

3. Document Requests
   <u>No further agreements.</u>

4. Requests to Admit
   <u>No further agreements.</u>

5. Supplementation of Discovery
   <u>No further agreements.</u>

### D. Discovery Deadline

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties agree as follows:

<u>No further agreements.</u>

### E. Disclosure of Expert Testimony

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony:

<u>No further agreements.</u>

### F. Confidentiality Agreements

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need. *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985). A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support. The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential." There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. *See* Local Rule 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties agree as follows:

> No further agreements.

### G. Other Matters Regarding Discovery

> No further agreements

8

V.   **Settlement and Alternative Dispute Resolution.**

   A.   **Settlement**

      The parties agree that settlement is

      \_\_\_\_\_ likely      √ unlikely (check one)

The parties request a settlement conference before a United States Magistrate Judge.

      \_\_\_ yes      √ no      \_\_\_\_\_ likely to request in future

   B.   **Arbitration**

      The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case. Do the parties agree to arbitrate?

      \_\_\_ yes      √ no      \_\_\_\_\_ likely to request in future

      \_\_\_ Binding      \_\_\_\_\_ Non-Binding

   C.   **Mediation**

      Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation. The list of mediators is available from the Clerk, and is posted on the Court's web site at http://www.flmd.uscourts.gov.

   D.   **Other Alternative Dispute Resolution —**

      The parties intend to pursue the following other methods of alternative dispute resolution:

      <u>None.</u>

DATED: May 1, 2012

ATTORNEYS FOR PLAINTIFFS

BAKER & MCKENZIE LLP
Donald J. Hayden
Florida Bar No. 097136
donald.hayden@bakermckenzie.com
Angela Vigil
Florida Bar No. 038627
angela.vigil@bakermckenzie.com
Joseph J. Mamounas
Florida Bar No. 041517
joseph.mamounas@bakermckenzie.com
Sabadell Financial Center
1111 Brickell Avenue, Suite 1700
Miami, Florida 33131
Telephone: (305) 789-8900
Facsimile: (305) 789-8953

SOUTHERN POVERTY LAW CENTER
Tania Galloni
Florida Bar No. 619221
tania.galloni@splcenter.org
Miriam Haskell
Florida Bar No. 69033
miriam.haskell@splcenter.org
P.O. Box 370037
Miami, Florida 33137
Telephone: (786) 347-2056
Facsimile: (786) 237-2949

DATED: May 1, 2012

ATTORNEYS FOR DEFENDANTS

VALENTI CAMPBELL TROHN TAMAYO & ARANDA, P.A.
Henry B. "Hank" Campbell
Florida Bar No. 434515
h.campbell@vcttalawyers.com
Jonathan B. Trohn
Florida Bar No. 880558
j.trohn@vcttalawyers.com
ROBERT J. ARANDA
Florida Bar No. 988324
r.aranda@vcttalawyers.com
WILLIAM T. McKINLEY
Florida Bar No. 51115
b.mckinley@vcttalawyers.com
Post Office Box 2369
Lakeland, Florida 33806-2369
Telephone: (863) 686-0043
Facsimile: (863) 616-1445

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 1, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Donald J. Hayden
Donald J. Hayden (Fla. Bar. No. 097136)

## SERVICE LIST

### CASE NO. 8:12-cv-00568-SDM-MAP

Henry B. "Hank" Campbell
Jonathan B. Trohn
Robert J. Aranda
William Thompson McKinley
VALENTI CAMPBELL TROHN TOMAYO & ARANDA
1701 South Florida Avenue
Lakeland, FL 33803
Tel: (863) 686-0043
Fax: (863) 616-1445

Attorneys for Defendants

MIADMS/402216.2