# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

CHANDA HUGHES, as guardian and on behalf of J.B., a minor; BRENDA SHEFFIELD, as guardian and on behalf of J.D., a minor; VIOLENE JEAN-PIERRE, as guardian and on behalf of F.J.P., a minor; MICHELLE MINOR, as guardian and on behalf of J.P., a minor; LISA JOBE, as guardian and on behalf of K.J., a minor; AMY GAGE, as guardian and on behalf of B.G., a minor; CRYSTAL CUYLER, as guardian and on behalf of D.M., a minor; NIKEYTA MATTHEWS, as guardian and on behalf of K.G., a minor; and ANITA NAVA, as guardian and on behalf of A.H., a minor; on behalf of themselves and all others similarly situated,

      Plaintiffs,

v.

Case No. 8:12-cv-00568-SDM-MAP

GRADY JUDD, Polk County Sheriff, in his official capacity, and CORIZON HEALTH, INC.,

      Defendants.

_____/

## DEFENDANT, GRADY JUDD'S, ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT – INJUNCTIVE RELIEF SOUGHT

Defendant, GRADY JUDD, in his official capacity as Sheriff of Polk County, Florida, by and through the undersigned attorneys, answers the Second Amended Complaint – Injunctive Relief Sought and says:

1.    Denied.

2.    Admitted that the Polk County Board of County Commissioners approved a Resolution to begin providing detention care to preadjudicated juveniles pursuant to

00152095-3

Senate Bill 2112 (2011), and that said resolution speaks for itself.  Admitted that in September of 2011, pursuant to said Resolution and Senate Bill 2112 (2011) individuals affected by that statute and resolution, including individuals under the age of 18, began to be housed in the Central County Jail in a separate housing area away from adult inmates and that said facility is operated by Defendant Grady Judd.  Otherwise, denied.

3.      Without knowledge and therefore denied as to the position of the U.S. Centers for Disease Control and Prevention and the Office of Juvenile Justice and Delinquency Prevention, Otherwise, denied.

4.      Denied.

5.      Denied.

6.      Denied.

7.      Without knowledge and therefore denied as to the conclusions of the U.S. Department of Justice.  Otherwise, denied.

8.      Admitted that Senate Bill 2112 (2011) was enacted and speaks for itself with regard to Juvenile Detention Facilities and that the Polk County Board of County Commissioners approved a Resolution to begin providing detention care to preadjudicated juveniles pursuant to Senate Bill 2112 (2011).  Otherwise denied.

9.      Denied.

10.     Admitted that all individuals under the age of 18 who are detained or incarcerated in Polk County pursuant to Florida Statutes are housed in the Central County Jail in a separate housing area away from adult inmates.  Otherwise, denied.

11.     Denied.

12.     Without knowledge and therefore denied.

## JURISDICTION

13.     Admitted.

## VENUE

14.     Admitted.

## PARTIES

15.     Denied.

16.     Without knowledge and therefore denied.

17.     Without knowledge and therefore denied.

18.     Without knowledge and therefore denied.

19.     Without knowledge and therefore denied.

20.     Without knowledge and therefore denied.

21.     Without knowledge and therefore denied.

22.     Without knowledge and therefore denied.

23.     Without knowledge and therefore denied.

24.     Without knowledge and therefore denied.

25.     Admitted.

26.     Admitted that Corizon Health, Inc., is the medical services provider at the

Central County Jail.

## CLASS ACTION ALLEGATIONS

27.     Without knowledge and therefore denied.

28.     Without knowledge and therefore denied.

29.     Without knowledge and therefore denied.

30.     Without knowledge and therefore denied.

31.    Denied.

32.    Denied.

33.    Denied.

34.    Denied.

35.    Denied.

36.    Denied.

37.    Denied.

38.    Denied.

## STATEMENT OF FACTS

### BACKGROUND – THE POLK COUNTY JAIL

39.    Admitted that the Central County Jail was initially constructed in the mid-80's and that the majority of inmates there have been adults.  Otherwise, denied.

40.    Admitted that all individuals under the age of 18 are detained or incarcerated in the Central County Jail in a separate housing area away from adult inmates.  Otherwise, denied.

41.    Admitted that new Florida Model Jail Standards were adopted in 2011 and that Sheriff JUDD is an officer of the Florida Sheriff's Association.  Otherwise, denied.

42.    Denied.

### UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT

### Failure to Provide Rehabilitative Services to Juveniles

43.    Admitted that section 985.601, Florida Statutes speaks for itself. Otherwise, denied.

44.    Denied.

45.    Denied.

46.    Denied.

47.    Denied.

48.    Denied.

49.    Denied.

50.    Denied.

51.    Denied.

### Failure to Protect from Harm

52.    Denied.

53.    Denied.

54.    Denied.

55.    Denied.

56.    Denied.

57.    Denied.

58.    Admitted that three juvenile detainees have been charged with attempted murder related to an incident that occurred at the Central County Jail.   Otherwise, denied.

59.    Denied.

### Unlawful Use of Dangerous Chemical Restraints

60.    Admitted that detention deputies have access to and some carry pepper spray on their person.  Otherwise, denied.

61.    Denied.

62.    Denied.

63.     Denied.

64.     Denied.

65.     Admitted that the use of pepper spray is rare.  Otherwise, denied.

66.     Denied.

67.     Admitted that pepper spray was utilized to end a fight in January, 2012.
Otherwise, denied.

68.     Denied.

69.     Denied.

70.     Denied.

**Punitive Isolation and Suicide Prevention Policies**

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

**Deliberate Indifference to Children with Mental Illness**

75.     Without knowledge and therefore denied.

76.     Admitted.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Without knowledge and therefore denied.

81.     Without knowledge and therefore denied.

82.     Denied.

83. Denied.

84. Without knowledge and therefore denied.

85. Without knowledge and therefore denied.

86. Without knowledge and therefore denied.

87. Without knowledge and therefore denied.

88. Denied.

89. Denied.

90. Denied.

**Plaintiff's Statement of Facts: Illustrative Incidents of Abusive Treatment**

**Plaintiff B.G. – Inadequate Suicide Response, Prevention**

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

**Plaintiff K.J. – Punitive Use of Suicide Watch**

96. Denied.

97. Denied.

98. Denied

99. Denied.

**Plaintiffs B.G. and K.J. – Punitive Use of Pepper Spray**

100. Denied.

101. Denied.

102. Denied.

103.   Denied.

104.   Denied.

105.   Denied.

106.   Denied.

107.   Denied.

108.   Without knowledge and therefore denied.

**Plaintiff J.D. – Failure to Provide Rehabilitation, Punitive Use of Chemical Agent and Other Restraints**

109.   Denied.

110.   Denied.

111.   Without knowledge and therefore denied.

112.   Denied.

113.   Denied.

114.   Denied.

115.   Without knowledge and therefore denied.

**Plaintiff D.M. – Punitive Use of Pepper Spray**

116.   Denied.

117.   Denied.

118.   Denied.

119.   Without knowledge and therefore denied.

**Plaintiff J.P. – Failure to Protect from Harm, Punitive Use of Chemical Agents**

120.   Denied.

121.   Denied.

122.   Denied.

123.   Denied.

124.   Denied.

125.   Without knowledge and therefore denied.

**Plaintiff J.B. – Failure to Provide Rehabilitative Services**

126.   Denied.

**Plaintiff F.J.P. – Failure to Provide Rehabilitative Services**

127.   Denied.

**Plaintiff K.G. – Constitutionally Deficient Response to Mental Illness**

128.   Denied.

129.   Denied.

130.   Denied.

131.   Denied.

132.   Denied.

133.   Denied.

134.   Denied.

135.   Without knowledge and therefore denied.

**Plaintiff A.H. – Constitutionally Deficient Response to Mental Illness**

136.   Denied.

137.   Denied.

138.   Denied.

139.   Denied.

140.   Without knowledge and therefore denied.

**Lack of Training**

141.   Denied.

## EXHAUSTION

142.   Denied.

## CAUSES OF ACTION

### Count 1

### Eighth and Fourteenth Amendment Violation:
### Failure to Provide Rehabilitative Services

143.   Denied.

### COUNT 2

### Eighth and Fourteenth Amendment Violation:
### Dangerously Violent Conditions of Confinement

144.   Denied.

### COUNT 3

### Eighth and Fourteenth Amendment Violation:
### Punitive Isolation and Deliberate Indifference

145.   Denied.

### COUNT 4

### Eighth and Fourteenth Amendment Violation:
### Deliberate Indifference to Children's Mental Illness

146.   Denied.

147.   Defendant denies each and every remaining allegation of Plaintiffs'

Second Amended Complaint – Injunctive Relief Sought not specifically admitted herein.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

148.   Plaintiffs have failed to exhaust their administrative remedies, thus their

claims are barred.  Specifically, Plaintiffs' claims are subject to and limited by the Prison

Litigation Reform Act, which further sets forth the conditions precedent and subsequent required of Plaintiffs as to this action.

## SECOND DEFENSE

149.   Plaintiffs' claims are barred, given the lack of any continuing, widespread, persistent pattern of unconstitutional conduct on the part of Defendant, the lack of any factual support of deliberate indifference to the risk of serious constitutional harm on the part of Defendant, and the lack of any resulting injury as a result of an unconstitutional practice, custom or policy.

## THIRD DEFENSE

150.   Plaintiffs' claims for declarative or injunctive relief are barred, given the lack of any factual support for irreparable harm, a lack of alternative remedies, or an underlying factual basis for prospective or prescriptive injunctive relief.

## FOURTH DEFENSE

151.   Plaintiffs' Eighth Amendment claims are barred, as Plaintiffs are pre-trial detainees.   Thus, their claims, to the extent they exist at all, are based upon the Fourteenth Amendment to the United States Constitution.

## FIFTH DEFENSE

152.   Plaintiffs' Second Amended Complaint – Injunctive Relief Sought fails to describe a class or subclass with sufficient specificity to support either a class action or the implementation of the request for declarative or injunctive relief.

## SIXTH DEFENSE

153.    Plaintiffs lack standing to bring any equitable claims to the extent that they are no longer in Defendant's custody, as their claims for injunctive relief are therefore moot.

## SEVENTH DEFENSE

154.    Defendant is not liable to Plaintiffs under 42 U.S.C. Section 1983 because of the lack of any policy or custom from which any cognizable deprivation of constitutional rights of Defendants arose.

## EIGHTH DEFENSE

155.    Plaintiffs' claims are barred in that the actions of Defendant at all times were performed in good faith as a part of Defendant's official duties and were reasonably related to legitimate government objectives.  Thus, Defendant is entitled to a presumption of correctness, as his good faith actions were peculiarly within the discretion and province of the legislative and executive branches of government.

## NINTH DEFENSE

156.    As Plaintiffs' claims are in actuality challenges to the State of Florida's and Polk County's authority with regard to juvenile detention, and the Florida Circuit Court's decisions with regard to Plaintiffs, Plaintiffs fail to state a cause of action in light of the separation of powers and due deference afforded to professional correctional decisions, especially those having to do with discipline, order and institutional security.

## TENTH DEFENSE

157.    Other than conclusions of law, Plaintiffs have failed to allege any factual basis as to their medical claims, other than a difference in medical judgment.

## ELEVENTH DEFENSE

158.    Plaintiffs' failure to delineate between Plaintiffs under the jurisdiction of the adult criminal system, and Plaintiffs under the jurisdiction of the juvenile justice system, in light of the differing state, national and constitutional standards with regard to same, bars Plaintiffs' claims.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 4th day of June, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a

notice of electronic filing to TANIA GALLONI, ESQUIRE and MIRIAM HASKELL, ESQUIRE, Southern Poverty Law Center, Post Office Box 370037, Miami, FL 33137; SHEILA A. BEDI, ESQUIRE, Southern Poverty Law Center, 4431 Canal Street, New Orleans, LA 70911 and DONALD J. HAYDEN, ESQUIRE, ANGELA VIGIL, ESQUIRE, JOSE A. AVILA, ESQUIRE and JOSEPH A. MAMOUNAS, ESQUIRE, Baker & McKenzie, P.A., Sabadell Financial Center, 1111 Brickell Avenue, Suite 1700, Miami, FL 33131.

s/Hank B. Campbell
HANK B. CAMPBELL
Florida Bar No. 434515
h.campbell@vcttalawyers.com
JONATHAN B. TROHN
Florida Bar No. 880558
j.trohn@vcttalawyers.com
ROBERT J. ARANDA
Florida Bar No. 988324
r.aranda@vcttalawyers.com
WILLIAM T. McKINLEY
Florida Bar No. 51115
b.mckinley@vcttalawyers.com
VALENTI CAMPBELL TROHN
 TAMAYO & ARANDA, P.A.
Post Office Box 2369
Lakeland, Florida 33806-2369
(863) 686-0043
(863) 616-1445 Fax
Attorneys for Defendant, JUDD
