UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHANDA HUGHES, as guardian and on behalf of J.B., a minor; BRENDA SHEFFIELD, as guardian and on behalf of J.D., a minor; VIOLENE JEAN-PIERRE, as guardian and on behalf of F.J.P., a minor; MICHELLE MINOR, as guardian and on behalf of J.P., a minor; LISA JOBE, as guardian and on behalf of K.J., a minor; AMY GAGE, as guardian and on behalf of B.G., a minor; CRYSTAL CUYLER, as guardian and on behalf of D.M., a minor; NIKEYTA MATTHEWS, as guardian and on behalf of K.G., a minor; and ANITA NAVA, as guardian and on behalf of A.H., a minor; on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

GRADY JUDD, Polk County Sheriff, in his official capacity, and CORIZON HEALTH, INC.,

    Defendants.

_____/

Case No. 8:12-cv-00568-SDM-MAP

## STIPULATED PROTECTIVE ORDER

UPON AGREEMENT OF THE PARTIES, by and through their counsel of record, in order to expedite discovery and protect against the disclosure of confidential information including, but not limited to, the security of the Defendant's Detention Facility, and Plaintiffs' and other third parties' privacy concerns, the parties stipulate and the Court hereby ORDERS as follows:

WHEREAS, it is anticipated that the parties shall be producing documents and other information during the discovery and settlement phases of this action;

WHEREAS, it is anticipated that some of those documents and some of the information will be regarded as proprietary and confidential by the producing party;

WHEREAS, it is anticipated that some of those documents will contain information that involves privacy and HIPAA concerns of third parties;

WHEREAS, it is anticipated that pleadings and discovery papers in this matter may include reference to documents regarded as confidential and proprietary by the party producing them, or may contain information of a private nature of third parties, or may otherwise refer to confidential and proprietary information;

WHEREAS, it is anticipated that deposition testimony in this matter may include reference to documents regarded as confidential and proprietary by the party producing them or otherwise refer to confidential and proprietary information;

WHEREAS, the protection stipulated to by the parties is appropriate for protecting the fairness of the judicial and discovery process; and

WHEREAS, Rule 26 ( c) of the Federal Rules of Civil Procedure provides for entry of a protective order such as is contained here:

ACCORDINGLY, on motion by the parties, it is hereby ORDERED as follows:

1. *Scope of Order.* This Order shall govern all materials, including all documents and information produced to any party in this action whether furnished by a party or third party regardless of whether produced informally or pursuant to a formal discovery request, which have been designated by the producing party as comprising or containing confidential or secret information which the producing party does not wish to become known to the public generally. Control and distribution of all discovery materials covered by this Order shall be the responsibility of the attorneys of record.

2. *Confidential Information.* A party may designate any documents, testimony, and other information furnished or disclosed to another party or its counsel during discovery or trial as "CONFIDENTIAL INFORMATION" by so marking in the case of documents. The party designating information as CONFIDENTIAL INFORMATION shall make such designation only as to that information which it reasonably believes is confidential or secret information. Upon the production of any documents with the appropriate marking, which might include without limitation, schematics, floor plans, maps, layouts, descriptions, diagrams, photos, video, juvenile information, medical information, law enforcement information, or other potentially confidential, privileged or proprietary information, the parties agree that all such information shall be treated as confidential in accordance with the terms of this Stipulation and Order. The parties will endeavor to identify at the time of production or as soon thereafter as is practical any such documents which the parties desire to be treated as confidential, privileged or proprietary, by stamping, marking or designating said documents as "confidential" or some other similar designation.

3. *Depositions.* Likewise, at any time during depositions in this matter, counsel for either party may note on the record that testimony is confidential, privileged or proprietary, with all such testimony therein designated treated as confidential in accordance with the terms of this Stipulation and Order. A party not objecting to such designation at the deposition does not waive its objection, but may pursue a reclassification of the deposition pursuant to the terms of this Order at any time after receiving the transcript of the deposition.

4. *Challenging Designation.* A party shall not be obligated to challenge the propriety of a designation of information as CONFIDENTIAL INFORMATION at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that

any party to this suit objects at any stage of these proceedings to the designation by another party of any information as CONFIDENTIAL INFORMATION, the parties shall try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from the Court. Exceptions to this Order may be made by agreement of all the parties, and any party may seek an Order of this Court modifying this Agreed Protective Order. This Order shall be without prejudice to any party to bring before the Court at any time the question of whether any particular information is or is not, in fact, confidential, proprietary, or secret information or otherwise appropriately designated in accordance with this Stipulation and Order.

5. Except with prior written consent of counsel or by Order of the Court, confidential documents or testimony may be disclosed only to the following persons (hereinafter referred to as qualified persons):

    a.    The parties and Counsel for the parties to this action;

    b.    Employees of such counsel assigned to assist in this action, including administrative staff and technical support including third party vendors involved in document collection, management and production particularly in an ESI context;

    c.    Independent experts and consultants retained by a party whose assistance is deemed necessary by such party's counsel for the prosecution of this action and employees of such experts and consultants necessary to assist such persons in performing their duties;

    d.    Any and all court reporters, staff and/or videographers utilized in the depositions conducted in this case; and

  e. The Court and its administrative personnel or any court asked to enforce this Order.

6. With the exception of the Court, all qualified persons having access to any designated documents or testimony subject to this Stipulation and Order must be shown a copy of it and must agree to be bound by it.

7. Except as otherwise provided by this Stipulation and Order, the parties are prohibited from distributing, showing, disseminating, discussing, corresponding about, or providing photocopies, duplicates, reproductions, abstracts, lists or summaries of any documents or testimony so designated as "CONFIDENTIAL INFORMATION" pursuant to the terms of this Stipulation and Order to any person or entity that is not a qualified person. Moreover, the parties shall not disclose the title, heading or content of any designated documents or testimony subject to this Stipulation and Order to any person or entity that is not a qualified person, nor shall they be published via any medium, including, but not limited to, the internet.

8. None of the documents or testimony designated as "CONFIDENTIAL INFORMATION" and subject to this Stipulation and Order shall be used by or for the benefit of any party to whom it is produced, or by or for the benefit of any person to whom it is revealed, disclosed or described other than for purposes of the litigation of this action.

9. In the event that any designated documents or testimony subject to this Stipulation and Order or the information contained therein is disclosed in any pleading, motion, disposition or other paper to be filed with the Court, such document shall be filed under seal with a Motion to the Court at the time of filing or as soon thereafter as is practical asking that such documents remain under seal. Any deposition transcript or exhibit that includes designated documents or

testimony subject to this Stipulation and Order or the information contained therein shall be likewise subject to the terms and provisions of this Stipulation and Order.

10. Nothing herein shall prevent any counsel of record from utilizing CONFIDENTIAL INFORMATION in the examination or cross-examination of any person who (i) is alleged to be or has claimed to be the author or source of the CONFIDENTIAL INFORMATION, or (ii) was previously provided with such information by the party that produced such information. Nothing in this Stipulation and Order shall prevent disclosure as required by law, or by any judicial, government, or administrative body under any law, regulation, or order; provided, however, that the party being required to disclose CONFIDENTIAL INFORMATION shall give ten (10) business days prior written notice of such disclosure by facsimile or by overnight mail to the party that provided such CONFIDENTIAL INFORMATION addressed to the attorneys of record for such party or parties unless the judicial, governmental, or administrative body's law, regulation or order requires disclosure sooner, in which case the disclosing party shall give such notice by telephone and facsimile as soon as practical, but in any event before any disclosure is made.

11. During the trial of this case, if any party seeks to introduce into evidence designated documents or testimony subject to this Stipulation and Order or the information contained therein, an appropriate request of the Court to protect against the dissemination of such documents, testimony or information shall be made by the offering party. Any party may move the Court for an order that the evidence be received in-camera or under other conditions to prevent unnecessary disclosure.

12. Inadvertent disclosure does not constitute a waiver of the terms and provisions of this Stipulation and Order. In the event of any inadvertent disclosure of designated documents or

testimony subject to this Stipulation and Order or the information contained therein, the party responsible for the disclosure must, within ten (10) days of discovering the inadvertent disclosure, serve written notice on the parties. The notice shall specify with particularity the documents, testimony and/or information disclosed, and the dates on which the inadvertent disclosure was made and discovered.

13. All designated documents or testimony subject to this Stipulation and Order shall be appropriately disposed of such that the documents, testimony or the information contained therein is destroyed, and the confidentiality thereof is maintained. If confidential documents are stored electronically on a computer or hard drive or other electronic device, they shall be permanently deleted upon termination of this litigation.

14. After termination of this litigation, the provisions of this Stipulation and Order shall continue to be binding, the Court shall retain jurisdiction over the parties, their attorneys and experts for enforcement of the provisions of this Stipulation and Order following the termination of the litigation.

15. This Stipulation and Order shall be binding upon the parties, their attorneys, and upon their experts, successors, executors, personal representatives and administrators, heirs, legal representatives assigns, subsidiaries, divisions, employees, agents, independent contractors or other persons or organizations over which they have control.

16. This Stipulation and Order is without prejudice to the right of any party to seek a modification hereof. Nothing contained herein shall be deemed to have the effect of an admission or waiver by any party or of altering the confidentiality or non-confidentiality of any document and information. Either party shall have the right to oppose the production of any information for any proper reason.

17. The Clerk of the Court is directed to maintain under seal all documents and transcripts of deposition testimony filed in this action and which have been designated in whole or in part as confidential pursuant to this Stipulation and Order, unless the Court otherwise orders.

18. The signature of counsel below constitutes their agreement, on behalf of themselves, their law firms and the parties they represent to be bound by the terms of this Agreed Protective Order.

**SIGNATURE PAGE FOLLOWS**

SOUTHERN POVERTY LAW CENTER

/s/ _____

TANIA GALLONI
Florida Bar No. 619221
MIRIAM HASKELL
Florida Bar No. 69033
Post Office Box 370037
Miami, FL 33137
Attorneys for PLAINTIFFS

VALENTI CAMPBELL TROHN
TAMAYO & ARANDA, P.A.

/s/ _____

HANK B. CAMPBELL
Florida Bar No. 434515
JONATHAN B. TROHN
Florida Bar No. 880558
ROBERT J. ARANDA
Florida Bar No. 988324
WILLIAM T. McKINLEY
Florida Bar No. 51115
Post Office Box 2369
Lakeland, FL 33806-2369
863.686.0043
863.616.1445 (Fax)
Attorneys for Defendant, GRADY JUDD

BAKER & McKENZIE, LLP

/s/ _____

DONALD J. HAYDEN
Florida Bar No. 097136
ANGELA VIGIL
Florida Bar No. 038627
JOSEPH A. MAMOUNAS
Florida Bar No. 041517
Sabadell Financial Center
1111 Brickell Avenue, Suite 1700
Miami, FL 33131
Attorneys for PLAINTIFFS

GROWER, KETCHAM, RUTHERFORD, BRONSON
EIDE & TELAN, P.A.

/s/ _____

JEANELLE G. BRONSON
Florida Bar No. 266337
PATRICK H. TELAN
Florida Bar No. 973874
RAMON VAZQUEZ
Florida Bar No. 1986274
P. O. Box 538065
Orlando, Florida 32853-8065
407.423.9545
407.425.7104 (Fax)
Attorneys for Defendant, CORIZON
HEALTH, INC.