UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHANDA HUGHES, as guardian and on behalf of J.B., a minor; BRENDA SHEFFIELD, as guardian and on behalf of J.D., a minor; VIOLENE JEAN-PIERRE, as guardian and on behalf of F.J.P., a minor; MICHELLE MINOR, as guardian and on behalf of J.P., a minor; LISA JOBE, as guardian and on behalf of K.J., a minor; AMY GAGE, as guardian and on behalf of B.G., a minor; CRYSTAL CUYLER, as guardian and on behalf of D.M., a minor; NIKETA MATTHEWS, as guardian and on behalf of K.G.; and ANITA NAVA, as guardian and on behalf of A.H., a minor; on behalf of themselves and all others similarly situated,
    Plaintiffs,
vs.

GRADY JUDD, Polk County Sheriff, in his official capacity, and CORIZON HEALTH, INC.,
    Defendants.
_____/

Case No.: 8:12-cv-00568-SDM-MAP

**DEFENDANT, CORIZON HEALTH, INC.'S,
UNOPPOSED MOTION FOR HIPAA QUALIFIED PROTECTIVE
<u>ORDER AND ORDER TO DISCLOSE PROTECTED HEALTH INFORMATION</u>**

**COME(S) NOW** defendant CORIZON HEALTH, INC. (hereinafter "Corizon"), by and through the undersigned counsel, and move(s) the Court for entry of a Qualified Protective Order and Order to Disclose Protected Health Information pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and 45 C.F.R. §164.512(e)(1), and as grounds therefore, states as follows:

1. The named Plaintiffs in this action have made allegations which place at issue, or which are reasonably anticipated to become at issue, certain protected health information ("PHI") within the meaning of the privacy regulations promulgated under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").

2. Generally speaking, HIPAA provides more wide-ranging privacy protections for protected health information than had previously existed and which exist under Florida law. Accordingly, it prohibits the disclosure or use of any person's PHI in litigation or other proceeding unless satisfactory safeguards are in place to limit the use and disclosure of the PHI. See 45 C.F.R. §164.512(e).

3. Accordingly, 45 C.F.R. §164.512(e)(1)(ii)(B) provides that HIPAA's privacy standards are satisfied by, *inter alia*, by issuing a subpoena accompanied by a HIPAA "Qualified Protective Order." HIPAA further provides in 45 C.F.R. §164.512(e)(1)(v) that such an order must:

> (1) prohibit the parties from using or disclosing the PHI for any purpose other than the subject litigation; and
>
> (2) require that the PHI (including all copies made) be destroyed, or returned to the health care provider from whom the PHI was obtained, at the conclusion of the litigation.

4. This Defendant therefore requests that this Court enter a HIPAA Qualified Protective Order to enable the parties to issue subpoenas to medical providers and others in possession of plaintiffs' and/or other potential plaintiffs' PHI in accordance with HIPAA's requirements.

5. In addition, the regulations of HIPAA make no specific provision to allow a party or a party's counsel who receives PHI to share with co-parties and/or to re-disclose such records

in response to a request for copies or in response to interrogatories or a request for production under the Federal Rules of Civil Procedure.

6. The regulations also make no provision for persons duly noticed for deposition in this litigation, particularly parties who are not subject to a subpoena or experts, to use or disclose PHI in response to deposition questions or a duces tecum notice.

7. In these instances, the HIPAA regulations provide under 45 C.F.R. §164.512(e)(1)(i) provides that "[a] covered entity may disclose protected health information in the course of any judicial or administrative proceeding…[i]n response to an order of a court or administrative tribunal, provided that the covered entity discloses the protected health information expressly authorized by such order."

8. This Defendant therefore requests that the parties and their counsel be authorized and ordered to disclose protected health information that is the subject of this lawsuit to the party's experts concerning the case or claim and to other parties and their counsel in response to requests for copies, interrogatories, and request for production, subject to the terms of the Court's order without waiver of any other valid and timely objections or privileges and that all duly noticed deponents be similarly authorized and ordered to use and disclose protected health information of a party in response to deposition questions or a valid notice of deposition duces tecum or subpoena duces tecum at such duly noticed deposition or in response to a notice of production directed to a non-party.

**WHEREFORE,** defendant, Corizon Health, Inc., respectfully request(s) that this Court enter a HIPAA qualified Protective Order and Order to Disclose Protected Health Information .

**CERTIFICATE OF COUNSEL**

Pursuant to Local Rule 3.01(g) undersigned counsel hereby certifies that a good faith effort to agree, narrow, or resolve the issue raised in this motion has been made by contacting Plaintiff's counsel, Tania Galloni, Esquire, and counsel for the co-defendant, GRADY JUDD, Polk County Sheriff, Robert Aranda, Esquire, and both have stated that they have no objection to the entry of the relief requested herein.

**I HEREBY CERTIFY** that on the 15th day of August, 2012, I electronically filed the foregoing with the Clerk of the Courts by using the ECF system which will send a notice of electronic filing to Tania Galloni, Esquire, Southern Poverty Law Center, P.O. Box 370037, Miami, FL  33137; Miriam Haskell, Esquire, Southern Poverty Law Center, P.O. Box 370037, Miami, GA  33137; Donald J. Hayden, Esquire, Baker & McKenzie, LLC, Sabadell Financial Center 1111 Brickell Ave Ste 1700, Miami, FL  33131; Joseph J. Mamounas, Esquire, Baker & McKenzie, LLC, Sabadell Financial Center 1111 Brickell Ave Ste 1700, Miami, FL  33131; Angela Vigil, Esquire, Baker & McKenzie, LLC, Sabadell Financial Center 1111 Brickell Ave Ste 1700, Miami, FL  33131; Hank B. Campbell, Esquire, Gray Robinson, P.A., Post Office Box 3, Lakeland, FL  33802-0003.

        s/ Ramon Vazquez
PATRICK H. TELAN
Florida Bar No. 973874
RAMON VAZQUEZ
Florida Bar No.196274
Grower, Ketcham, Rutherford, Bronson
Eide & Telan, P.A.
PO Box 538065
Orlando, FL  32853-8065
Phone: 407-423-9545; Fax: 407-425-7104
Attorneys for Defendant, CORIZON HEALTH, INC.
E-Mail:      phtelan@growerketcham.com
        rvazquez@growerketcham.com