UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHANDA HUGHES, et al.,

    Plaintiffs,

    v.                                      Case No. 8:12-cv-568-T-23MAP

GRADY JUDD, et al.,

    Defendants.
_____/

## ORDER

Before the Court is Defendant Judd's motion to compel (doc. 183) and Plaintiffs' response (doc. 198). As stated below, the motion is granted in part and denied in part.

Defendant Judd asks the Court to compel Plaintiffs to respond more fully to interrogatories 9, 12, and 14. Since the motion was filed, Plaintiffs have adequately supplemented their responses to interrogatories 12 and 14. Therefore, the motion as to these interrogatories is moot. As for interrogatory 9, in which Defendant asks Plaintiffs to clarify their damages, Plaintiffs have emphasized (most recently at the November 19, 2012, hearing before me) that they seek only injunctive relief. I find that Plaintiffs response to interrogatory 9 is complete, and the motion as to this request is therefore denied.

Defendant also served Plaintiffs with 10 "class certification interrogatories." Doc. 183, Ex. 3. Plaintiffs argue that this discovery contains multiple, unrelated subparts and increases the total number of interrogatories Defendant Judd has propounded to more than 25, the limit under Fed. R. Civ. P. 33(a) absent court order. Putting aside the issue of the number of interrogatories, the class certification issues have been briefed and argued before the Court. Additional discovery on the topic

is unnecessary, especially in light of the extensive discovery that has already occurred in the case.

The propriety of any subclasses, however, has not been explored. In fact, Plaintiffs only recently amended their complaint to add an additional claim for which they now seek subclass certification. *See* doc. 197. Plaintiffs' pending motions for certification of a subclass were not argued at the November 19, 2012 hearing. *See* docs. 35, 137. This case is sufficiently complex to warrant additional interrogatories on the issue of subclasses. *See* Fed. R. Civ. P. 26(b)(2)(A). Therefore, it is

ORDERED:

(1) Defendant Judd's motion to compel as to interrogatories 9, 12, and 14 is denied as moot.

(2) Defendant Judd's motion to compel responses to its class certification interrogatories is granted in part and denied in part. Defendant Judd is permitted to propound 10 interrogatories, including subparts, related to the subclasses Plaintiffs propose.

DONE and ORDERED in Tampa, Florida on December 4, 2012.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE