UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHANDA HUGHES, as guardian and
on behalf of J.B., a minor, et al.,

    Plaintiffs,

v.                                        CASE NO. 8:12-cv-568-T-23MAP

GRADY JUDD, Polk County Sheriff in
his official capacity, et al.,

    Defendants.
_____/

**ORDER**

The magistrate judge submits a report (Doc. 332) and recommends both denial of the plaintiffs' motion for a preliminary injunction and certification of a class and two sub-classes. Both the plaintiffs (Doc. 348) and the defendants (Docs. 344 and 350), each from their respective vantage, object to the report and to the recommendation. After an exhaustive review, the magistrate judge's recommendation for denial of the plaintiffs' motion for a preliminary injunction is adopted, and the magistrate judge's recommendation to certify a class and two sub-classes is adopted, although re-stated.

Because of the denial of the plaintiffs' motion for preliminary injunction, a detailed determination is unnecessary with respect to the defendants' several

objections to the part of the report directed to the preliminary injunction. In other words, the plaintiffs' requested injunction is denied whether the defendants' objections are granted or denied. Nonetheless, at least some of the defendants' objections present important issues for resolution at trial. For example, Judd's objection "A" contests the magistrate judge's assessment of, and conclusions about, the defendants' detention facility without the plaintiffs' establishing a reliable and sufficient array of data from comparable facilities (or otherwise evidencing valid comparators for the challenged facility).

Also, the plaintiffs' objections, which are directed primarily at the magistrate judge's finding that the plaintiffs have not sufficiently established the "subjective component" of their claim, are overruled. The magistrate judge's determination with respect to the "subjective component" is sufficiently supported on the present record, although the record is limited by the brief time for which data are available and includes some newly instituted measures by the Sheriff to improve juvenile detention conditions.

Similarly, the magistrate judge's recommendation to certify a class and two sub-classes is adopted, but in behalf of clarity and ease of administration the definition of each class is somewhat re-stated. The defendants' objections to the class and the sub-classes are overruled. For Counts Two, Three, and Five, a class is certified to comprise each person who is under eighteen or who is under the

jurisdiction of the juvenile court and who is now or in the future incarcerated in the Polk County Jail.[*]  As to Count One, Sub-Class One is certified to comprise each person who is under the jurisdiction of the juvenile court (that is, including preadjudicates and excluding direct files) and who is now or in the future incarcerated in the Polk County Jail.  As to Count Four, Sub-Class Two is certified to comprise each person (1) who is now or in the future incarcerated in the Polk County Jail, (2) who is under eighteen or under the jurisdiction of the juvenile court, and (3) who suffers from a "mental disorder."  For the purpose of this Sub-Class Two, a person who suffers from a "mental disorder" is defined as a person (1) who is diagnosed by a mental health care professional, qualified in Florida both to diagnose mental disorders and to prescribe psychotropic medication, and who is suffering from a "moderate" or "severe" "mental disorder," as defined in the American Psychiatric Association's DSM-IV and (2) whose current diagnosis, including any prescription for psychotropic medication, appears in the person's "intake" records presented to the Polk County Jail at the time the person is presented to, and accepted by, the Polk County Jail for detention.

The trial of this action will occur before a fact finder different from the fact finder at the hearing on the preliminary injunction, the final determination of this action will depend on findings of fact and conclusions of law based on the trial

---

[*] "Polk County Jail" is defined at n.5 on page 7 of the magistrate judge's report and recommendation (Doc. 332).

- 3 -

record, and the magistrate judge's report and recommendation and the limited record presented at the hearing on the preliminary injunction will recede from consideration. At the hearing on the preliminary injunction and in the attendant papers, each party presents some telling points, some successful on the present record and some not, with respect to each of the issues presented to the magistrate judge. The parties are cautioned to remain mindful of the opposing arguments and to prepare accordingly and thoroughly for the trial.

## CONCLUSION

The plaintiffs' objections (Doc. 348) and the defendants' objections (Docs. 344 and 350) are **OVERRULED**. The magistrate judge's report and recommendation is **ADOPTED** only to the extent and in the manner stated in this order. The plaintiffs' motion for a preliminary injunction (Doc. 4) is **DENIED**. The plaintiff's motions to certify a class (Docs. 2, 5, 35) are **GRANTED** only to the extent and in the manner stated in this order.

ORDERED in Tampa, Florida, on April 30, 2013.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE