UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHANDA HUGHES, as guardian and
on behalf of J.B., a minor, *et al.*,

      Plaintiffs,

      v.                                    Case No. 8:12-cv-568-T-23MAP

GRADY JUDD, *et al.*,

      Defendants.
_____/

**REPORT AND RECOMMENDATION**

      After a month-long bench trial, the district judge found that Plaintiffs failed to prove Defendants were deliberately indifferent to any substantial risk of serious harm – that Defendants did not violate the Fourteenth Amendment (doc. 548). The district judge directed the clerk to enter judgment for Defendants and against Plaintiff on April 16, 2015. The clerk entered a final judgment in Defendants' favor the next day (doc. 549). As a prevailing party, Defendant Grady Judd (in his capacity as Sheriff of Polk County, Florida) has moved for taxation of $170,089.40 in costs against Plaintiffs, under Rule 54(d) and 28 U.S.C. § 1920 (doc. 552). The Sheriff also filed a separate proposed bill of costs, as contemplated by Rule 54(d)(1). At the Court's direction, the clerk entered the bill of costs, taxing $170,089.40 in costs against Plaintiffs and for the Sheriff (doc. 556).

      Plaintiffs agree that the Sheriff's costs are compensable but disagree as to the amount (doc. 565). Initially, Plaintiffs argued that $71,877.05 of the Sheriff's costs were not taxable under Section 1920. I directed the Sheriff and Plaintiffs to confer on the issue (doc. 566). They obliged and narrowed the amount in dispute by $7,786.40 (*see* docs. 570, 578, 586). At this juncture, Plaintiffs object to $64,090.65 of the Sheriff's costs, which again the Sheriff claims total $170,089.40.

After reviewing the parties' filings (docs. 552, 565, 578, 586), I recommend the Sheriff's motion to tax costs (doc. 552) and Plaintiff's motion to review taxation of costs (doc. 565) be granted in part and denied in part. Specifically, I recommend the Sheriff's taxable costs be reduced to $140,739.91.

Rule 54(d) provides that costs shall be awarded as a matter of course to the prevailing party as enumerated in 28 U.S.C. §1920. *United States E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). Section 1920 allows taxation of the following costs: (1) fees of the clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses and costs of special interpretation services under 28 U.S.C. § 1828.

Under Rule 54, there is a strong presumption in favor of awarding costs. *See Schultz v. Ashcroft*, 174 F. App'x 534, 540 (11th Cir. 2006). A district court needs a "sound basis" to overcome this strong presumption. *Gonzales v. Pasco County Bd. of County Comm'rs*, No. 8:11-cv-1397-T-30TGW, 2013 WL 1810820, at *1 (M.D. Fla. Apr. 29, 2013) (quoting *Mathews v. Crosby,* 480 F.3d 1265, 1277 (11th Cir. 2007)). Nonetheless, the party seeking an award of costs or expenses bears the burden of submitting a request that enables a court to determine what costs or expenses were incurred by the party and the party's entitlement to an award of those costs or expenses. *Loranger v. Stierheim,* 10 F.3d 776, 784 (11th Cir. 1994). Although the decision to award costs is discretionary with the court, it may only tax those items specifically enumerated in Section 1920, absent alternative statutory authority. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-

42 (1987); *see also Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F.Supp.2d 1254, 1257 (S.D. Fla. 2013).

      1.     *Service of Summons and Subpoena Fees, 28 U.S.C. § 1920(1).*

The Sheriff requests $4,715 in costs associated with service of summonses and subpoenas under Section 1920(1). Plaintiffs objects to almost all of these costs.[1] After consideration, I recommend that the Court reduce the Sheriff's costs in this category from $4,715 to $4,325.

I agree with Plaintiffs that the $70 in private process server fees the Sheriff incurred for subpoenaing Lubia Rodriguez and Ashley Midkiff (two non-lawyer employees of the Southern Poverty Law Center) are not taxable against Plaintiffs. In February 2013, I denied the Sheriff's motion to compel Rodriguez's and Midkiff's depositions because the Sheriff "ha[d] not established the relevancy of the depositions and [] the attorney-client privilege extends to [Plaintiffs'] counsel's non-attorney employees." *See* doc. 264. Consequently, the process server fees of $70 associated with the Sheriff's unsuccessful attempt to depose these two SPLC employees (doc. 552-4 at 8, 9) should not be taxed against Plaintiffs.

On the other hand, the private process server fees of $90 associated with the trial subpoena of Defendant Corizon's expert, Jiliann Dwares, should be taxable against Plaintiffs. The invoice lists "out of county service" on Dwares at the price of $60 and "additional service same address" at the price of $30 – i.e., multiple service attempts at the same address (doc. 552-4 at 13). In this circuit, the fees of a private process server may be taxed pursuant to Section 1920(1) so long as they do not exceed the statutory fee authorized by Section 1921. *See W&O, Inc.*, 213 F.3d at 624. In June 2013, when the Dwares subpoena was served, 28 C.F.R. § 0.114(a)(3) set the statutory fee authorized by

---

[1] After conferring, the parties resolved some of these objections (*see* doc. 570).

Section 1921 at $55 "per hour (or portion thereof) for each item served . . . plus travel costs and any other out-of-pocket expenses."[2] The $90 rate for two separate service attempts is within this hourly rate. Plaintiffs' argument that the Sheriff did not call Dwares to testify during the trial is without merit. Similarly, I recommend that Plaintiffs be taxed the $40 associated with serving Lisa Goldman of the Polk Regional Juvenile Assessment Center with a trial subpoena. The Sheriff included Goldman on his witness list. Although she was not called to testify at trial, this is not the relevant test under Section 1920(1).

Next, Plaintiffs object to $530 in fees associated with serving trial subpoenas on May 29, 2013, and on November 7 and 11, 2013 (doc. 552-4 at 14, 17, 18). The Sheriff represents that the nine subpoenas listed on the November 11, 2013 invoice (doc. 552-4 at 17), were served on Corizon's witnesses; this fee of $210 is taxable against Plaintiff. But the Sheriff does not provide enough detail about the May 29, 2013, and November 7, 2013 invoices other than to state he "did not send trial subpoenas to people who were not potential witnesses." (Doc. 578 at 3). These costs ($320 total) should be deducted from the amount taxed against Plaintiffs.

The final issue under this category is whether a $2,800 fee for serving 80 trial subpoenas on Plaintiffs at SPLC's office in June 2013 (in anticipation of the first trial date) (doc. 552-4 at 15), and a $745 fee for serving 79 subpoenas on Plaintiffs in November 2013 (before the continued trial date) (doc. 552-4 at 19) are taxable against Plaintiffs. They are. Process servers are compensated per hour for each item served. The regulation defines "item" as "all documents issued in one action which are served simultaneously on one person or organization." 28 C.F.R. § 0.114(d). This case was a

---

[2] Effective October 30, 2013, the hourly rate was increased to $65. 78 Fed. Reg. 59817-01 (Sept. 30, 2013).

class action with a class size of approximately 80 juveniles. The Sheriff represents that he served them all because they were all members of the class, they were all listed on Plaintiffs' witness list, and Plaintiffs' counsel refused to produce them. Although Plaintiffs' counsel disputes this version of events, I nonetheless recommend these service costs be taxed against Plaintiffs. The first batch of 80 subpoenas was served at the reduced hourly rate of $35 per item (doc. 552-4 at 15), and the batch of 76 subpoenas served at SPLC's office in advance of the November 2013 trial date (3 subpoenas were served on individual Plaintiffs at their homes) were served at the reduced rate of $7.50 each (doc. 552-4 at 19). This is well within the statutory rate.

In sum, I recommend the Court tax $4,325 in costs against Plaintiffs for the Sheriff's service and subpoena fees. To reach this figure, I subtracted from the Sheriff's total costs in this category ($4,715) the $70 fee for serving Midkiff and Rodriguez and the $320 fee for serving the unidentified individuals on May 29, 2013, and November 7, 2013.

2. *Printed or Electronically Recorded Transcripts, 28 U.S.C. § 1920(2)*

In total, the Sheriff seeks $117,948.71 in costs for printed or electronically recorded transcripts. After reviewing the supporting documentation and the parties' filings, I recommend this amount be reduced to $91,120.95. I divide my discussion of transcript costs into subcategories to correspond with the parties' filings.

   a. *Deposition Transcripts and Deposition Costs*

The Sheriff seeks $72,637.60 in deposition and deposition transcript costs, however the Sheriff, after conferring with Plaintiffs' counsel, agreed to waive $5,635.75 of these costs. I agree with all of Plaintiffs' remaining objections as to these costs and recommend the Court reduce them to $65,075.85. The cost of a deposition transcript is taxable when the prevailing party reasonably

5

believed that the deposition was wholly or partially necessary for the case. *W&O, Inc.*, 213 F.3d at 620-621. If the deposition costs "were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only," the costs are not recoverable. *Id.* at 620 (citation and quotation marks omitted). The $382.50 fee for video services and the $1,543.50 for obtaining DVDs and video copies of the already transcribed depositions are not well-supported by the Sheriff. The deposition costs should be reduced by $7,561.75.[3] Thus, I recommend that $65,075.85 in deposition costs be taxed against Plaintiffs.

### b.  *Expedited, Daily Trial Transcripts*

The Sheriff seeks $33,402.05 for the cost of producing expedited, daily trial transcripts. I recommend that the Sheriff be compensated for the cost of obtaining transcripts at the ordinary rate of a court reporter, rather than the more expensive expedited rate. Thus, I recommend that these costs be reduced to $20,151.65. This amount represents the cost of obtaining 5,521 pages of trial transcripts at the ordinary rate of $3.65 per page (*see* doc. 565 at 12).

Section 1920(2) permits the Court to tax costs for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." The Sheriff does not offer specific reasons in either its motion for costs or its response to Plaintiffs' objections explaining why he believes it was necessary to obtain expedited, daily trial transcripts. *See Berryman v. Hofbauer*, 161 F.R.D. 341, 344 (E.D. Mich. 1995) (conclusory statement that the costs were necessary is not sufficient when costs motion is opposed). Without this showing, the transcripts are not compensable at the expedited rate. *See Durden v. Citicorp. Trust Bank*, FSB, No. 3:07-cv-974-J-34JRK, 2010 WL

---

[3] This is the amount the Sheriff agreed to waive ($5,635.75) plus the amount to which he is not entitled ($1926).

2105921, at *3 (M.D. Fla. Apr. 26, 2010) (denying costs for expedited transcripts). Although there are circumstances under which expedited transcripts may be necessary to a case (deeming their cost taxable against the losing party), *see Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1226 (11th Cir. 2002), I am unable to assess Defendants' entitlement to these costs. I recommend that the Court exercise its discretion under Section 1920 and reduce the rate to the ordinary rate of $3.65 per page.

        c.      *Expedited Preliminary Injunction Hearing Transcript*

For the same reasons, I recommend the Sheriff be compensated for the cost of obtaining the transcript of the week-long preliminary injunction hearing at the original page rate of $3.65 rather than the expedited rate he requests. The Sheriff has demonstrated that the transcript was necessary for use in the case; however, he has not made a showing that he needed it expedited. I therefore recommend that Court reduce the Sheriff's costs in this category from $4,937.30 to $3,715.70.

        d.      *Pre-trial Hearing Transcripts*

The Sheriff requests $2,784.30 for transcripts of certain pre-trial hearings. Plaintiffs object to all of these costs, contending the Sheriff has not shown they were necessary to his case. Under certain circumstances, pre-trial hearing transcripts are taxable under Section 1920(2) against the losing party. "Hearing transcript costs are taxable when reasonably obtained 'in preparation for additional argument and/or motion practice.'" *Luka v. City of Orlando*, No. 6:07-cv-841-ORL-22GJK, 2011 WL 4837263, at *7 (M.D. Fla. Sept. 23, 2011) *report and recommendation adopted*, 2011 WL 4836229 (M.D. Fla. Oct. 12, 2011) (quoting *U.S. Fire Ins. Co. v. Mikes*, No. 8:04-cv-2783-T-23TBM, 2008 WL 61602, at *3 (M.D. Fla. Mar. 3, 2008)). In his response to Plaintiffs' objections, the Sheriff makes a compelling argument as to the necessity of these hearing transcripts,

an argument that hits home with me as I decided many of the parties' numerous pre-trial disputes. But I am not convinced that the Sheriff required these transcripts on an expedited basis (although not all of the transcripts were obtained at the expedited or 14-day rate, many of them were). I have reviewed the invoices supporting the Sheriff's request (*see* doc. 575) and recommend $2,177.75 – rather than $2,784.30 – be taxed against Plaintiffs.[4]

      e.     *Other Transcription Costs*

Also under Section 1920(2), the Sheriff requests $3,121 for obtaining the transcripts of recorded jail calls (doc. 575 at 5, 17-20, 32); $474.70 for transcribing the audio recording of the in-custody questioning of four putative class members by Captain Marcum, the Commander of the Polk County Jail (doc. 575 at 45, 76); $314 for the transcript of a portion of a state court trial involving Plaintiff Amy Gage (guardian of named Plaintiff B.G.) (doc. 575 at 34); and $278 for the cost of transcribing certain phone calls between the Sheriff's counsel and Plaintiffs' counsel (doc. 575 at 3, 6). Other than submitting invoices associated with these costs, the Sheriff does not provide an argument as to why they were necessary. The costs are not specifically enumerated in Section 1920. Although there may be circumstances under which such costs are deemed necessary to a case, I

---

[4] This is the total of: $255.50 for the May 4, 2012 hearing (70 pages at $3.65 per page); $164.25 for the May 21, 2012 hearing (45 pages at $3.65 per page); $149.65 for the June 28, 2012 hearing (obtained by the Sheriff at the regular rate); $73 for the September 25, 2012 hearing (20 pages at $3.65 per page); $127.75 for the November 2, 2012 hearing (35 pages at $3.65 per page); $204.40 for the December 17, 2012 hearing (56 pages at $3.65 per page); $91.25 for the January 8, 2013 hearing (25 pages at $3.65 per page); $94.90 for the January 15, 2013 hearing (26 pages at $3.65 per page); $58.40 for the January 17, 2013 hearing (16 pages at $3.65 per page); $350.40 for the May 6, 2013 hearing (96 pages at $3.65 per page); $178.85 for the May 6, 2013 hearing (49 pages at $3.65); $27.90 for the June 18, 2013 hearing (obtained by the Sheriff at the regular rate); and $401.50 for the July 31, 2013 hearing (110 pages at $3.65 per page). This excludes the $128.70 listed on the November 27, 2012 invoice, which appears to be an estimated invoice for the cost of a copy of the preliminary injunction transcript. The Sheriff has submitted costs associated with the original of this transcript already. (*See* doc. 575).

cannot make this determination here based on the record. Therefore, I recommend that the Court exercise its discretion and award no costs to the Sheriff for these services.

    3.    *Fees and Disbursements for Printing, 28 U.S.C. § 1920(3)*

The Sheriff seeks $26,601.95 in printing costs (*see* doc. 552-6).[5] Plaintiffs object to this entire amount because "the Sheriff has failed to provide any information that explains the nature and necessity of these claimed costs." (doc. 565 at 19). The Sheriff, on the other hand, explains that his "actual costs for printing for this litigation were far more than requested here but Sheriff Judd limited his claimed costs to those requested here because back-up documentation for printing is difficult to obtain." (doc. 578 at 4-5). He continues: "Sheriff Judd reduced his requests to these prints because they represent three sets of exhibits that were printed for trial and other printing for trial." (*Id*. at 5) I have confirmed that the district judge's practice is for parties to bring three sets of exhibits to trial. The Sheriff's exhibit list was 46 pages long (*see* doc. 535). Plaintiffs' case was every bit as document intensive (*see* doc. 550). The per page rate of the prints appears reasonable (see doc. 552-6), and Plaintiffs do not challenge it. Although Plaintiffs balk at this expense, the $26,601.95 in printing fees should be taxable against them under Section 1920.

    4.    *Fees for Expert Witnesses, 28 U.S.C. § 1920(3)*

The Sheriff seeks $8,938.87 in fees related to three expert witnesses. Plaintiffs agree to this amount, and I recommend that the Court tax these costs against Plaintiffs.[6]

---

[5] He initially sought $27,023.27 for printing costs, but after conferring with Plaintiffs' counsel, agreed to subtract $421.32 from this amount for the printing of foam core boards (doc. 578 at 4-5).

[6] The Sheriff first sought $10,361.09 in expert witness fees; Plaintiffs challenged $1,422.22 of this amount. After conferring, the Sheriff agreed to the $1,422.22 reduction. $10,361.09 minus $1,422.22 equals $8,938.87 (*see* docs. 565 at 20, 578 at 5, 586 at 5).

     5.     *Fees for Copies, 28 U.S.C. § 1920(4)*

The Sheriff requests $9,882.05 in copy costs (he reduced his original amount by $152.11 to subtract for hole-punching and mailing costs) (*see* docs. 578 at 5; 586 at 5). I recommend that the Court award $9,753.14 in copy costs.

Plaintiffs object the Sheriff's request for copy costs due to lack of back-up documentation. Section 1920(4) allows courts to tax copy costs against the losing party, provided the copies were "necessarily obtained for use in the case." The Sheriff has submitted 35 pages of invoices from copy centers and public agencies (related to the Sheriff's public records requests) (doc. 552-8). Although Plaintiffs object to the per page rate charged by Department of Juvenile Justice in Tallahassee for making copies of the records the Sheriff requested, I do not find the rate unreasonable in light of the Sheriff's representation that he needed the documents to prepare his case (doc. 578 at 5). I do agree with Plaintiffs, however, that the labor costs ($128.91) passed onto the Sheriff from the Department of Juvenile Justice in responding to the records request are not authorized under Section 1920 (doc. 552-8 at 7). Thus, I recommend that the Court tax copy costs against Plaintiffs in the amount of $9,753.14. I calculated this amount by subtracting $128.91 from $9,882.05.

     6.     *Conclusion*

Upon consideration, it is RECOMMENDED:

(1)     The Sheriff's motion to tax costs (doc. 552) be GRANTED in part and DENIED in part as stated above;

(2)     Plaintiffs' motion to review taxation of costs (doc. 565) be GRANTED in part and DENIED in part as stated above; and

(3)     The Court tax costs for the Sheriff and against Plaintiffs in the amount of

$140,739.91.

IT IS SO REPORTED at Tampa, Florida on July 17, 2015.

*/s/ Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).