UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHANDA HUGHES, et al.,

    Plaintiffs,

v.                                                    CASE NO. 8:12-cv-568-T-23MAP

GRADY JUDD, et al.,

    Defendants.
_____/

## **ORDER**

As a prevailing party (Docs. 548, 549), Polk County Sheriff Grady Judd moves (Doc. 552) to tax costs. The plaintiffs move (Doc. 565) to review the taxation of costs. The magistrate judge recommends (Doc. 591) partially granting each motion and reducing taxable costs (Doc. 556) from $170,089.40 to $140,739.91. The plaintiffs object (Doc. 592) to the recommendation and request an additional reduction. The Sheriff submits no response.

First, the plaintiffs object to the calculation of the Sheriff's cost of serving trial subpoenas. Before the original trial, the Sheriff paid a private process server $2,800 to serve eighty subpoenas. Before the continued trial, the Sheriff paid a second private process server $570 to serve seventy-six subpoenas.[*] (Doc. 552-4 at 15, 19)

---

[*] The plaintiffs identify $745 as the cost of serving the seventy-six subpoenas, but that amount includes the service of three additional subpoenas. (Doc. 552-4 at 19; Doc. 592 at 2)

Each time, the process server delivered the subpoenas in one batch to the plaintiffs' counsel, Southern Poverty Law Center.

The magistrate judge recommends taxing the cost of each delivery. The plaintiffs argue that for each delivery the Sheriff should receive to reimbursement for only one hour's time, absent evidence that the delivery required more time or expense.

A district court may tax private process server fees at the rate set for the United States Marshals Service. *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). Under 28 C.F.R. § 0.114(a)(3), the Marshals Service charges "$65.00 per hour (or portion thereof) for each item served . . . plus travel costs and any other out-of-pocket expenses." When the Sheriff served the first batch of subpoenas, the hourly rate was $55.00 for each "item." Defined in 28 C.F.R. § 0.114(d), "item" means "all documents issued in one action which are served simultaneously on one person or organization."

Although the subpoenas were delivered simultaneously to the Southern Poverty Law Center, the subpoenas were not "served simultaneously on" the Southern Poverty Law Center. *See* Fed. R. Civ. P. 45(b)(1) ("[s]erving a subpoena requires delivering a copy to the named person"). As a result, each trial subpoena is an "item" for which the Sheriff may claim reimbursement "per hour (or portion thereof)."

For the first delivery, "Finest Process Service" charged $35 for each item. (Doc. 552-4 at 15)  For the second delivery, "NalbachToCourt" charged $7.50 for each item.  (Doc. 552-4 at 19)  As the magistrate judge observed, each rate is less than the applicable hourly rate.  However, the difference between the two rates suggests that the rate for the first delivery was excessive.  Accordingly, the cost of the first delivery is taxed at a rate of $7.50 for each item, for a total of $600.  The magistrate judge's recommended cost award is reduced by $2200.

Second, the plaintiffs object to $8,156.14 in photocopying cost as unsubstantiated.  The Sheriff asserts that the copies "were all obtained in order to be ready and prepared" for the plaintiffs' case.  (Doc. 578 at 5)  However, "[a] prevailing party may not simply make unsubstantiated claims that [photocopies] were necessary, since the prevailing party alone knows for what purpose the copies were made."  *Helms v. Wal-Mart Stores, Inc.*, 808 F. Supp. 1568, 1570 (N.D. Ga. 1992).  Because the Sheriff fails to explain the documents' use or intended use, the recommended cost award is reduced by an additional $8,156.14.  *See Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994) ("The court did not err in disallowing the photocopying costs.  Plaintiffs did not present required evidence regarding the documents copied including their use or intended use.").

Accordingly, the plaintiffs' objections are **SUSTAINED IN PART**.  The report and recommendation (Doc. 591) is **ADOPTED** as modified by this order.  The Sheriff's motion (Doc. 552) to tax costs is **GRANTED IN PART**, and the

plaintiffs' motion (Doc. 565) to review taxation of costs is **GRANTED IN PART**. The clerk is directed to tax costs in the amount of $130,383.77 in favor of the Sheriff and against the plaintiffs.

ORDERED in Tampa, Florida, on September 1, 2015.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE